ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 27 2011

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| IN THE MATTER OF | : CIVIL ACTION |
| THE TAX INDEBTEDNESS OF | : |
| MARCUS A. KREJCI, | : MISC. NO. |
| 60 Burdette Road N.W. | : |
| Atlanta, Georgia 30327 | : **1 11 MI-0010** |

**JEC**

## APPLICATION OF THE UNITED STATES
## TO ENTER PREMISES TO EFFECT LEVY

Under the authority of 26 U.S.C. §§ 7402(a) and 6331, the United States of America, on the basis of the attached affidavit, respectfully requests this Court to enter an order authorizing Revenue Officer Earl Hudley, Jr. and/or other employees, as designated by the Internal Revenue Service, to enter the premises located at 60 Burdette Road NW, Atlanta, GA 30327, for the purpose of seizing the property of Marcus A. Krejci, as may be found therein which is subject to levy by the United States in satisfaction of the outstanding federal taxes now due and owing by Marcus A. Krejci, together with interest and costs as allowed by law.

IN SUPPORT OF THIS APPLICATION, the United States respectfully shows unto the Court:

1.     Federal district courts have original jurisdiction of any civil action arising under any act of Congress providing for the internal revenue.  28 U.S.C. §§ 1340, 1345 and 1356.

2.    Jurisdiction is conferred upon federal district courts to make and issue in civil actions, writs and orders of injunction and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws.  26 U.S.C. § 7402(a).

3.    District courts are vested with jurisdiction under 26 U.S.C. § 7402(a) to enforce levies of the Internal Revenue Service by summary, _ex parte_ proceedings.  Matter of Carlson, 580 F.2d 1365 (10th Cir. 1978); United States v. First National City Bank, 568 F.2d 853 (2d Cir. 1977); United States v. Mellon Bank, N.A., 521 F.2d 708 (3rd Cir. 1975).

4.    If any person liable to pay any federal tax refuses or neglects to pay it within ten days after notice and demand, it shall be lawful for the Internal Revenue Service to collect the tax and necessary expenses by levy upon all property and rights to property not otherwise exempt from levy belonging to such person or on which there is a lien for payment of the tax.   26 U.S.C. § 6331(a).

5.    Collection of taxes by the summary method of distraint provided by the Internal Revenue Code is not a denial of due process.  Phillips v. Commissioner, 283 U.S. 589 (1931); United States v. Pilla, 550 F.2d 1085 (8th Cir. 1977), cert. denied, 432 U.S. 907 (1977).

6.   A writ is necessary for entry onto private property for purposes of effecting a levy on and seizure of personal property in aid of collection of taxes except where there are exigent circumstances. <u>G.M. Leasing Corp. v. United States</u>, 429 U.S. 338 (1977).

7.   A writ is to be issued upon application with supporting affidavit showing cause to enter, search for, and levy upon personal property in aid of summary collection of assessed and unpaid tax. <u>United States v. Shriver</u>, 645 F.2d 221 (4th Cir. 1981).

8.   Cause for authority to enter property and to effect a levy in aid of the administrative collection of taxes does not require a finding of probable cause required to support a criminal search warrant. <u>Matter of Carlson</u>, 580 F.2d 1365 (10th Cir. 1978). Instead, the application and supporting affidavit must exhibit "probable cause to enter, search for, and levy upon personal property in aid of summary collection of assessed and unpaid taxes." <u>Matter of Campbell</u>, 761 F.2d 1181, 1186 (6th Cir. 1985).

9.   Issuance of the writ authorizing entry is to take place in a summary, *ex parte* proceeding and is not to be converted into an adversary proceeding. <u>Matter of Campbell</u>, 761 F.2d 1181 (6th Cir. 1981).

WHEREFORE, the United States prays that a writ be issued permitting Revenue Officer Earl Hudley, Jr. and/or other employees,

as designated by the Internal Revenue Service, to enter the premises located at 60 Burdette Road NW, Atlanta, GA 30327, for the purpose of seizing the property of Marcus A. Krejci, as may be found therein.

Respectfully submitted,

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

R. DAVID POWELL
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 586450
600 RICHARD RUSSELL BUILDING
75 SPRING STREET, S.W.
ATLANTA, GEORGIA 30303
Voice:      (404) 581-6000
Facsimile: (404) 581-6150

- 4 -

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN THE MATTER OF )
THE TAX INDEBTEDNESS OF )
MARCUS A. KREJCI ) CIVIL ACTION
60 Burdette Road NW )
Atlanta, Georgia 30327 ) MISC. NO
)

### AFFIDAVIT OF REVENUE OFFICER

CITY OF ATLANTA )
STATE OF GEORGIA )

Revenue Office, Earl Hudley, Jr. having been first duly sworn, states as follows:

1.      I am revenue officer employed in the Area 3 of the Small Business Self-Employed Operating Division of the Internal Revenue Service, at 401 Peachtree Street NW Atlanta, Georgia 30308.  As a revenue officer, I have the duty and authority to collect Federal taxes by seizure and sale under the provisions of Section 6331 of the Internal Revenue Code (26 U.S.C.).

2.      An assessment of tax, penalty and interest to the extent applicable for the calendar year(s), ending:   December 31, 2005; December 3, 2006; December 3, 2007; and December 31, 2008 have been made against Marcus A. Krejci in the amount of $2,112,612.04 for which notice and demand was made pursuant to Sections 6201, 6203, and 6303 of the Internal Revenue Code.

3.      The said taxpayer has neglected or refused to pay the full amount of the assessed tax, penalty, and interest within ten (10) days after such notice and demand, and this neglect or refusal continues.

4.      There is now due, owed, and unpaid with respect to such tax, penalty, and interest, a total amount of $2,122,612.04 plus statutory additions. See Attachment 1.

5.     By reason of the assessments, a lien has arisen on all property and rights to property of said taxpayer, as prescribed by Sections 6321 and 6322 of the internal Revenue Code (26 U.S.C.).

6.     Notices of Federal Tax Lien were filed with the Superior Court of Fulton County, Atlanta, GA, on July 25, 2008, June 15, 2009, and September 3, 2010.

7.     By reason of the taxpayer's neglect and failure to pay such tax within ten (10) days after notice and demand, a levy may be made on all property and rights to property belonging to the taxpayer, or to which the federal tax lien attaches.

8.     Notices of intention to levy, required by I.R.C. section 6331(d), were provided to the taxpayer by certified or registered mail to taxpayer's last known address on June 19, 2008 (tax periods ending 12/31/2005 and 12/31/2006), on September 26, 2009 (tax period ending 12/31/2007), and on September 7, 2010 (tax period ending 12/31/2008).  Copies of each notice of intention to levy and all enclosures were contemporaneously sent to William D. Hartsock, power of attorney for the taxpayer by mail.

9.     The notices sent to the taxpayer by certified mail on June 19, 2008, and September 7, 2010, were returned with notes indicating that he refused to sign and accept delivery.  I spoke directly to Mr. Hartsock, the taxpayer's power of attorney, by telephone on January 4, 2011, and he confirmed receipt of the notices of intention to levy.  Neither the taxpayer nor his power of attorney responded to the Collection Due Process Notices, and no due process hearing was requested pursuant to any notice.  During the conversation on January 4, 2011, consent was requested from Mr. Hartsock, the taxpayer's power of attorney, and he indicated that consent would not be given by the taxpayer.

10. In accordance with Sections 6331(a) and (d) of the Internal Revenue Code, I sent Publications 594 (The IRS Collection Process) and 1660 (Collection Appeal Rights) to the taxpayer and to his power of attorney, Mr. Hartsock, with each Notice of intention to levy described in paragraph 8, above. These publications include the following information:

(a) Code Provision relating to levy and sale of property,

(b) Procedures applicable to levy and sale of property under the code,

(c) Administrative appeals available to the taxpayer with respect to such levy and sale and procedures relating to such appeals,

(d) Alternatives available to taxpayers which could prevent levy on property (including installment agreements under code section 6159),

(e) Code provisions relating to redemption of property and release of liens on property, and

(f) Procedures applicable to the redemption of property and release of liens on property under the code.

11. The taxpayer, Marcus A. Krejci, is leasing property located at 60 Burdette Road NW, Atlanta, GA. 30327. The property to be seized includes, but is not limited to all inventory, equipment, furniture, fixtures, tables, household goods, jewelry, art, paintings, cash, and any safe and its contents located at 60 Burdette Road, NW Atlanta, Georgia 30327. Ownership of the contents was verified by a thorough courthouse search conducted on September 15, 2010 to determine ownership and equity in the assets. Ownership of the personal property was verified by field visits to view assets at the residence and through an informant.

12.    A writ of entry is needed because the taxpayer has failed to pay his

outstanding taxes and has refused to consent to seizure of the property described above

Earl Hudley Jr.
Revenue Officer

Subscribed and sworn
before me on this 27th day
of January, 2011.

Notary Public

My commission expires: 5-28-12

Pamela G. Oliver
Notary Public
DeKalb County, Georgia
My Commission Expires May 23, 2012

## ORDER FOR ENTRY DATA SHEET

Date:        01/24/2011
Requestor:   DOROTHY RUSSO / EARL HUDLEY JR
             (404)338-8376 / Mail Stop 668-A

Taxpayer:    MARCUS A. KREJCI
             60 BURDETTE RD NW
             ATLANTA, GA 30327

**1.**

| Type(s)/<br>Period(s) of<br>Tax Assessed | Assessment/<br>First Notice<br>Date | Unpaid<br>Balance of<br>Assessment | Balance of<br>Assessment<br>Plus Accruals | Final<br>Notice<br>Date |
|---|---|---|---|---|
| 200512 | 02/04/2008 | $565,920.23 | $654,662.10 | 09/15/2010 |
| 200612 | 02/11/2008 | $855,418.48 | $973,636.55 | 09/15/2010 |
| 200712 | 05/25/2009 | $259,950.44 | $289,528.35 | 09/15/2010 |
| 200812 | 08/16/2010 | $189,659.05 | $204,785.04 | 09/15/2010 |

**2.**    **Whether Consent Requested/Refused:**
The taxpayer has been uncooperative and it was unwise to make a field-visit for direct contact. I was advised by TIGTA and IRS attorney's to not make contact and send via certified mail all notices and demands to the taxpayer and his power of attorney.  Consent was requested from William D. Hartsock, Power of Attorney for the taxpayer, on January 4, 2011.  Mr. Hartsock indicated that the consent would not be given by the taxpayer.

**3.**    **Description of Premises:**
This is a 15,000 sq feet home located at 60 Burdette Rd NW, Atlanta, GA 30327.

**4.**    **Owner of Premises:**
Michael G. & Luanne M. Heideman
60 Burdette Rd NW Atlanta, GA. 30327.  Marcus A. Krejci is leasing the home at this address.

**5.**    **General Description of Property:**
The seizure will consist of property located at 60 Burdette RD NW Atlanta, GA 30327.  Property to be seized will include the following, furniture, equipment, fixtures, jewelry, art work, paintings, sculptures, chairs, tables, TV's, stereo, equipment, weapons, and safes and their contents. Also to include all and any contents found in the garage area, specifically any vehicles and watercraft.

**6.**    **Knowledge of Property's Existence:**
I have personally viewed the above property via field visits made on September 15, 2010.  The taxpayer provided the 60 Burdette Road address as his address on his 2008 and 2009 federal income tax returns, received by the IRS on July 21, 2010 and November 15, 2010, respectively.  I conducted a courthouse records search for personal property in Fulton County in Atlanta, GA.  An informant provided the IRS a list of items inside the home located at 60 Burdette Rd NW Atlanta, GA 30327.

**7.**    **Taxpayer's Equity in Property:**
Equity in property equals approximately $350,000.00 in personal property. The property has no superior encumbrances.

EXHIBIT
Attachment
1

PENGAD 800-631-6989

**8.    Lien Filing Information:**

A Notice of Federal Tax Lien was filed on July 25, 2008 against Marcus A. Krejci in the amount of $648,857.55 and recorded in book 941 page 414.

A Notice of Federal Tax Lien was filed on July 25, 2008 against Marcus A. Krejci in the amount of $965,668.68 and recorded in book 941 page 414

A Notice of Federal Tax Lien was filed on June 15, 2009 against Marcus A. Krejci in the amount of $289,528.36 and recorded in book 1199 page 138.

A Notice of Federal Tax Liens was filed on September 3, 2010 against Marcus A. Krejci in the amount of $204,785.04 and recorded in book 1728 page 26.

By: _____
    EARL HUDLEY JR.
    REVENUE OFFICER